UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| v. | NO. 21-14 |
| CHRISTOPHER MAY | SECTION "F" |

ORDER AND REASONS

Before the Court is Christopher May's motion to dismiss Count 2 of the Indictment. For the reasons that follow, the motion is DENIED.

**Background**

On January 29, 2021, Christopher May was arrested by federal and state authorities at his sister's house in New Orleans on Gallier Street, which the government says he was using to traffic fentanyl, cocaine, and cocaine base (crack).[1] According to the government, the FBI had been surveilling the house since August 2020, and had observed Mr. May engage in hand-to-hand drug

---

[1] There are no facts of record beyond what is charged in the indictment. Counsel for the defendant and counsel for the government advance disparate arguments concerning the facts underlying the indictment, but of course at this stage of the proceedings, and considering the parties' dispute, no facts will be determined. Nevertheless, the contentions are helpful in framing the present dispute. At all times unless or until proved otherwise, Mr. May is presumed innocent of the charges.

1

transactions, openly brandish firearms, and on December 23, 2020, engage in a shootout in the street with a 7.62x39 mm firearm.  At the time of his arrest on January 29, 2021, the government says agents recovered a .40 caliber Glock semi-automatic firearm with an extended magazine.  While executing the search warrant for the residence, law enforcement purportedly seized 23.4 grams of powder cocaine, a digital scale, and plastic baggies found in a cut-out of the wall.  Based on what they say they found during the search of the residence and what their surveillance purportedly had revealed, agents obtained a federal search warrant for Mr. May's car on February 2, 2021.  Search of the car, the government says, revealed 37.1 grams of heroin mixed with fentanyl packaged into small baggies, a bag of Percocet, a bag of Oxycodone, and a cache of ammunition for four different caliber firearms.

   A grand jury returned a six-count indictment on February 11, 2021, charging Christopher May with various firearm and drug counts.  Counts 1 through 3 charge possession of a firearm or ammunition by a convicted felon and are predicated on the same 2012 state-court cocaine possession conviction; Count 4 charges possession with intent to distribute cocaine; Count 5 charges possession with intent to distribute heroin and fentanyl; and Count 6 charges possession of a firearm in furtherance of a drug trafficking crime. Although Count 1 charges that Mr. May possessed a firearm on or about December 23, 2020 (during the alleged

2

shootout), the remaining charged conduct underlying Counts 2 through 6 is alleged to have occurred "on or about January 29, 2021," which was the date of Mr. May's arrest and the contemporaneous search of his sister's house.

Count 2 charges Mr. May with knowingly being a convicted felon who knowingly possessed a firearm (a Glock 23 .40 caliber handgun with an extended magazine), in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), whereas Count 3 charges Mr. May with knowingly being a convicted felon who knowingly possessed ammunition (72 rounds of Winchester USA 5.56mm ammunition, 34 rounds of Fiocchi GFL 9mm ammunition), in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Mr. May contends that Counts 2 and 3 "both ... allege constructive possession by Mr. May on the same day and at the same location[;]" in particular, Mr. May submits that law enforcement recovered the Glock 23 .40 caliber handgun a few feet from the rear door of the house (Count 2) and that, in a car allegedly linked to Mr. May and parked next to the house, law enforcement seized the vehicle in connection with the search, towed it to the FBI field office, then after obtaining a search warrant, discovered the ammunition charged in Count 3 of the indictment.[2] Because neither the firearm

---

[2] While the defendant indicates that the vehicle allegedly linked to him was parked next to the residence at the time of the January 29 search of the residence when it was then seized and towed to the FBI field office pending obtaining a search warrant, the government disputes this, suggesting instead that it will ultimately prove that the car was not parked at Mr. May's sister's

3

nor the ammunition was found on Mr. May's person on January 29, 2021, the government's theory is constructive possession of both. Contending that Counts 2 and 3 charge Mr. May twice for a single instance of possession on January 29, 2021, Mr. May now moves to dismiss Count 2 (or Count 3) as multiplicitous in violation of the Double Jeopardy Clause.

I.

*A.*

"A party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). "[I]f the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits[,]" then a party "must" raise by pretrial motion "a defect in the indictment or information, including ... (ii) charging the same offense in more than one count (multiplicity)[.]" Fed. R. Crim. P. 12(b)(3)(B)(ii).  Mr. May challenges the government's decision to charge in separate counts his alleged possession of a firearm (Count 2) and his alleged possession of ammunition (Count 3).  He says the government has

---

house; rather, it was parked in an empty driveway two lots away. The government further submits that the defendant was last seen in the vehicle where ammunition was stored on January 28, 2021, which was the night before his arrest on January 29 when he possessed the Glock. All just factual controversies, to be resolved by the jury at trial.

4

impermissibly divided a single episode of possession into multiple criminal counts, and that conviction on both counts would violate his Fifth Amendment protection against Double Jeopardy.

*B.*

No person shall "be subject for the same offense to be twice put in jeopardy of life or limb."  U.S. Const. amend. V.  "The Double Jeopardy Clause of the Fifth Amendment protects individuals against multiple criminal punishments for the same offense." United States v. Naidoo, 995 F.3d 367, 380 (5th Cir. 2021)(citation omitted).[3]  If an indictment "charges a single offense in separate counts," then it may be "multiplicitous" in violation of the Double Jeopardy Clause.  Id.  Mr. May's multiplicity challenge is that the Indictment charges him with multiple violations of the same statute predicated on the same criminal episode or single incident. See id.

In assessing such a challenge, the Court considers "whether separate and distinct prohibited acts, made punishable by law, have been committed."  Id.  The Court applies a two-part test: (1)

---

[3] In addition to protecting against multiple criminal punishments for the same offense, the Double Jeopardy Clause also protects against "a second prosecution for the same offense after acquittal" and against "a second prosecution for the same offense after conviction[.]"  North Carolina v. Pearce, 395 U.S. 711, 717 (1969)(footnotes omitted), *overruled on other grounds by* Alabama v. Smith, 490 U.S. 794 (1989).

5

first, looking to the charged statute, what is the "allowable unit of prosecution or the actus reus of the crime"? (2) second, reviewing the evidence, "how many distinct criminal acts [has] the defendant committed"? See id.

It is settled that simultaneous convictions and sentences for the same criminal act involving possession of a firearm and possession of ammunition violate double jeopardy. See United States v. Berry, 977 F.2d 915, 919 (5th Cir. 1992); see also United States v. Meza, 701 F.2d 411, 431 (5th Cir. 2012)(possession of multiple firearms or rounds of ammunition "premised upon one episode" can only constitute one offense under 18 U.S.C. § 922(g)(1)). To be sure, "[t]he evil Congress sought to suppress by section 922 was the arming of felons; the section is based on the status of the offender and not on the number of guns possessed." Id. (citations omitted). Nevertheless, "multiplicitous convictions for possessing a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1) do not violate the Double Jeopardy Clause," the Fifth Circuit has observed, "[i]f the record establishes that the defendant obtained the firearm and ammunition on different occasions.'" See Naidoo, 995 F.3d at 381 (quoting United States v. Sanchez, 675 Fed.Appx. 433, 436 (5th Cir. 2017)). It is permissible for "the government [to] charge and try a defendant for multiple offenses[,]" for double jeopardy is offended only once simultaneous convictions and sentences are

6

imposed for the same criminal act. See Berry, 977 F.2d at 920-21. In this regard, the Fifth Circuit has instructively observed:

> If in doubt of its ability to prove possession of any of the weapons involved, the government properly could have sought to prove possession of all.  Moreover, had the government evidence that [the defendant] obtained the guns at different times or stored them in separate places, then it could have sought to prove that.

Id. at 921. The government here claims to have such separate-place-or-time evidence.

A closer look at United States v. Berry, 977 F.2d 915 (5th Cir. 1992) and United States v. Meza, 701 F.3d 411 (5th Cir. 2012) illustrates the critical distinction between permissible charges versus multiplicitous convictions and punishments that violate double jeopardy. In Berry, a search of the defendant's apartment yielded two handguns with ammunition (one handgun in Berry's jacket, the other in his car), a third gun without ammunition, and a photo of the defendant holding two of the weapons.  977 F.2d at 917.  A convicted felon, Berry was tried and convicted on three separate counts of possession of a firearm and one count of possession of ammunition by a felon, violations of 18 U.S.C. § 922(g).  Because the government had neither alleged nor proved that the convictions arose from separate acts, the Fifth Circuit vacated the § 922(g) sentences.  Id. at 920.  Notably, however, the Fifth Circuit observed that it was permissible for the

7

government to *charge* and *try* the defendant for multiple offenses. See id.

Like Berry, "Meza was convicted under § 922(g)(1) for simultaneous possession of a firearm and ammunition, both of which were found during the single police search of his property." Meza, 701 F.3d at 433. The gun was found in a shed and ammunition was found in a closet in the house on the same property. Id. at 415. The Fifth Circuit found no relevant distinction between Meza and Berry. "[A]bsent an indictment charging Meza with possessing or receiving the firearms and ammunition on separate occasions, and proof and argument supporting the same, his dual convictions and sentences under § 922(g)(1) cannot stand under Berry." Id. at 433. Mr. May invokes Berry and Meza here, but prematurely so.

II.

Mr. May submits that the government split a singular episode of constructive possession of a gun and ammunition -- recovered on the same date at the same location -- into two separate counts, rendering the charges multiplicitous in violation of the double jeopardy clause. Invoking Berry, Meza, and the many "short *per curiam* decisions [applying Berry] after multiple convictions for firearm and ammunition possession under § 922(g)(1)[,]" see Meza, 701 F.3d at 432, Mr. May urges the Court to dismiss Count 2 (or Count 3) of the indictment due to multiplicity. Given that Meza

8

and <u>Berry</u> explicitly permit the charging choice and structure in the Indictment here, the government submits that dismissal of any count is premature; unless and until Mr. May is actually convicted on multiplicitous counts and imminently faces multiple punishments for what was shown to be the same criminal episode, he is without a remedy. The Court agrees.

The Indictment here charges, in Count 2, being a felon in possession of a firearm and, in Count 3, being a felon in possession of ammunition "on or about" the same day, January 29, 2021.[4] Mr. May submits that is impermissibly multiplicitous. But his double jeopardy challenge depends on the resolution of fact-bound controversies to be resolved by a jury. That the parties dispute whether the possession of the Glock and the possession of the ammunition in fact happened at the same location or at the same time is dispositive of Mr. May's motion to dismiss Count 2 of the Indictment.[5] In advancing a singular-offense theory, Mr. May submits that the ammunition predicating Count 3 was found in a car parked at his sister's house (the same house where the Glock was

---

[4] The government underscores that, in electing to charge one count of being a felon in possession of a firearm and one count of being a felon in possession of ammunition "on or about" the same day, it is not confined to the 24-hour period of January 29, 2021 for proving both counts.

[5] "Like 'simultaneous possession,' 'same location' is an imprecise concept, one whose contours acquire definition by reference to case law" ... and by reference to evidence introduced during trial. <u>See</u> <u>United States v. Kennedy</u>, 682 F.3d 244, 256 (3d Cir. 2012).

9

found), whereas the government submits that the car was not parked at his sister's house, but in an empty driveway two lots away. Moreover, in advancing its distinct-crimes-theory, the government submits that Mr. May was last in the vehicle where the ammunition was stored on January 28, 2021, the night before his arrest on January 29, 2021, when he allegedly constructively possessed the Glock which is the subject of Count 2 of the Indictment. <u>Berry</u> instructs that the Court cannot interfere with the government's charging discretion here.

It is perfectly proper for the government to charge multiple counts of § 922(g) gun or ammunition possessions "on or about" the same day. <u>See</u> Charge 1.19 of the Fifth Circuit Pattern Jury Instructions (2019).[6] The government's charging decision does not violate Mr. May's constitutional right to be free from multiple punishments for the same criminal episode; rather, only if Mr. May is convicted on multiplicitous counts does he obtain a post-conviction remedy, which is to require the government to elect prior to sentencing on which count the defendant will be sentenced.

---

[6] When an indictment charges that conduct occurred "on or about" a certain date or date range, the jury is instructed as follows:
> You will note that the indictment charges that the offense was committed on or about a specified date. The government does not have to prove that the crime was committed on that exact date, so long as the government proves beyond a reasonable doubt that the defendant committed the crime on a date reasonably near [January 29, 2021], the date stated in the indictment.

10

***

The government has elected to charge separate offenses and indicates that it will attempt to prove that the possession of the Glock charged in Count 2 and the possession of the ammunition charged in Count 3 occurred at different times and different places. At this stage of the proceedings, pretrial dismissal of one of these counts is not warranted. Only when the potential for multiple punishments for the same offense is imminent would the defendant obtain a remedy.[7] The government has ample discretion to charge Mr. May with multiple counts; whether the government can or will prove beyond a reasonable doubt that Mr. May possessed the Glock that is the object of Count 2 on a different day or occasion than he possessed the ammunition that is the object of Count 3 -- or whether, as Mr. May submits, at best, constructive possession of each was part of a single, simultaneous instance -- cannot be determined at this pretrial juncture. Only if Mr. May is convicted on both Counts 2 *and* 3,[8] *and* only if the government fails to establish that the conduct underlying these counts constitutes truly separate incidents of possession will Mr. May be eligible

---

[7] See United States v. Buchanan, 485 F.3d 274, 278-79 (5th Cir. 2007)(Given that "[t]he chief danger raised by a multiplicitous indictment is the possibility that the defendant will receive more than one sentence for a single offense," the remedy is to permit the government to dismiss all but one of the multiplictous counts in the event of conviction following trial.).

[8] If Mr. May is convicted solely on Count 2 *or* 3 (or neither), then the multiplicity challenge will be moot.

11

for a post-conviction remedy to prevent a double jeopardy violation.

Accordingly, IT IS ORDERED: that the defendant's motion to dismiss Count 2 of the Indictment is DENIED.

New Orleans, Louisiana, August 3, 2021

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE